SMALL, P.J.T.C.
These two cases turn on a determination of the same issue: does the language “active service in time of war,” contained within N.J.S.A 54:4-3.33a and N.J.S.A. 54:4-8.10 include “active service for training purposes” or service in the armed forces reserve during the Vietnam conflict. The defendants, one a former member of the Army National Guard, and the other a former Air Force reservist, seek to obtain a veterans exemption under N.J.S.A 54:4-3.30 or a veteran’s deduction under N.J.S.A. 54:4-8.11. In each case, the taxing authority seeks to deny a veteran’s benefit provided by the two statutes. The taxing authorities argue that the Legislature, in enacting the veteran’s tax exemption and tax deduction statutes did not intend the phrase “active service in time of war” to include “active service for training purposes” or service in the reserve components of the several armed forces or service outside of the combat zone. I reject those interpretations and grant the benefits sought by both taxpayers.

*571
I. FACTS AND PROCEDURAL HISTORY

A. SCUORZO

In both cases, the facts are undisputed. Frank Scuorzo served in the Untied States Armed Services as a member of the New Jersey Army National Guard during the Vietnam conflict. On October 22, 1969, Mr. Scuorzo was ordered into active duty for training for a period of twenty-five weeks. By letter dated October 21, 2004, the United States Department of Veterans Affairs (“Department”) confirmed that Mr. Scuorzo served from November 18, 1969 to August 19, 1970 when he was honorably discharged due to a hearing loss which resulted from an incident which took place during his service. This letter further confirms that, on October 27, 2002, the Department deemed Mr. Scuorzo to have a 100% disability for his hearing loss.
In June 2004, Mr. Scuorzo applied to the office of the Dover Township Tax assessor for a property tax exemption for tax year 2004 as a disabled veteran under N.J.S.A. 54:4-3.30. In furtherance of his application, Mr. Scuorzo certified that he was an honorably discharged veteran with active war time service in the United States Armed Services and deemed to be 100% permanently and totally disabled as a result of his war time service. In July 2004, the municipality’s tax assessor notified Mr. Scuorzo that his claim for a veteran’s exemption, as well as the veteran’s property tax deduction, had been denied. Mr. Scuorzo thereafter appealed these denials to the Ocean County Board of Taxation. The County Board entered judgment granting the 100% disabled veteran exemption. The Township has filed this appeal challenging the County Board’s award of the veteran’s exemption. Subsequent to the filing of this appeal, Mr. Scuorzo filed a similar petition of appeal with the County Board of Taxation on March 7, 2005, relating to the denial of his exemption for tax year 2005. That County Board appeal was dismissed without prejudice pending the outcome of the current appeal.

B. BUCHANAN

On October 18, 1972, Winfield Buchanan enlisted for service with the United States Air Force Reserve and completed an initial *572 period of “Active Duty for Training Purposes” until he was released on February 16, 1973. Mr. Buchanan also served on active duty from August 4,1973 through August 18,1973 and from August 10, 1974 through August 24, 1974. The purpose of these service periods were for training only. Mr. Buchanan was never called up for mobilization and was never sent overseas to participate in actual combat. On October 17, 1978, Mr. Buchanan was honorably discharged from his service with the United States Air Force Reserve.
Mr. Buchanan received a veteran’s deduction pursuant to N.J.S.A. 54:4-8.11 on property located at 28 Rosemont Avenue in Lambertville, New Jersey for tax years 2000, 2001, 2002 and 2003. As a result of an audit conducted by the Division of Taxation, the Director (the “Director”) determined that the defendant had improperly received the veteran’s deduction. On January 15, 2004, the City of Lambertville denied Mr. Buchanan a veteran’s deduction for tax year 2004 and demanded a reimbursement from him for the deductions received in the previous four years. The Hunterdon County Board of Taxation, on petition filed by Mr. Buchanan, reversed the City’s decision and granted the deduction. The Director has taken an appeal from the judgment of the Hunterdon County Board of Taxation.

II. THE LAW AND ANALYSIS

The State Constitution permits special veterans’ tax benefits for those who have served in the armed forces during the time of war and additional benefits for those with a service connected disability:
Any citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service, in time of war or other emergency as, from time to time, defined by the Legislature, in any branch of the Armed Forces of the United States shall be entitled, annually to a deduction from the amount of the tax bill for taxes on a real and personal property____Any person hereinabove described who has been or shall be declared by the United States Veterans Administration, or its successor, to have a service-connected disability, shall be entitled to such further deduction from taxation as from time to time may be provided by law.
[N.J. Const. Art. VIII § 1, ¶ 3 (emphasis added).]
*573 Pursuant to this constitutional provision, the New Jersey Legislature has enacted two specific statutes providing for such benefits: the Disabled Veteran’s Exemption, N.J.S.A. 54:4-3.30, and the Veteran’s Tax Deduction, N.J.S.A. 54:4-8.11.
The Disabled Veteran’s Exemption provides that:
The dwelling house and the lot or curtilage whereon the same is erected, of any citizen and resident of this State, now or hereafter honorably discharged or released under honorable circumstances, from active service, in time of war, in any branch of the Armed Forces of the United States, who has been or shall be declared by the United States Veterans Administration .. to have a service-connected disability ... shall be exempt from taxation----
[N.J.S.A. 54:4-3.30 (a) (emphasis added).]
Similarly, the Veteran’s Tax Deduction provides:
Every person a citizen or resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service in time of war in any branch of the Armed Farces of the United States ... shall be entitled, annually ... to a deduction from the amount of any tax bill far taxes on real ar persanal pivpeHy or both in the sum of $100 in tax year 2000, $150 in tax year 2001, $200 in tax year 2002, and $250 in each subsequent tax year ...
[N.J.S.A. 54:4-8.11 (emphasis added).]
Both, the Disabled Veteran’s Exemption and the Veteran’s Tax Deduction include the term “active service in time of war.” The term is defined for the Veteran’s Tax Deduction in N.J.S.A. 54:4-8.10(a) as follows:
“Active service in time of war” means active service at sometime during one of the following periods: ... The Vietnam conflict, December 31, 1960 to May 7, 1975.
[N.J.S.A 54:4-8.10(a) ]
For purposes of the Disabled Veteran’s Exemption
“]A]ctive service in time of war” means the periods of time set forth in section 1(a) of Chapter 171 of the laws of 1963 [N.J.S.A. 54:4-8.10) ].
[N.J.S.A. 54:4-3.33a.]
Thus, the Disabled Veteran’s Tax Exemption definition of “active service in time of war” is identical to the Veteran’s Tax Deduction definition.
A careful reading of the statutes and their definitions leads to the conclusion that if Mr. Scuorzo and Mr. Buchanan served in “any branch of the armed forces” during the period December 31, 1960 to May 7,1975, they are qualified for the benefits awarded to them by their respective county boards of taxation. Nevertheless, *574 the Director and Dover Township argue that if an applicant’s active service is in the reserves or for training and the honorably discharged service man or service woman was not in the actual theatre of war, he or she do not qualify for those benefits. Although N.J.S.A. 54:4-8.10 does impose a requirement of fourteen days service in the combat zone for some of the conflicts the United States has been engaged in (for example, the 1958 Lebanon Crisis, the 1982 Lebanon Peacekeeping Mission, the 1988 Grenada Peacekeeping Mission), no such explicit requirement is imposed for the Vietnam War (or, for example, the Korean Conflict, World War II and World War I). The Director’s argument that this requirement be inserted in the language granting the benefit to Vietnam veterans has no support in any legislative history brought to my attention. It is simply wishful thinking. If the Legislature drafted parts of a statute differently, that difference must be respected.
The taxing authorities’ arguments are based in part on an informal opinion of the Attorney General to former Director of the Division of Taxation, Sidney Glaser, dated February 23, 1973, as well as several statutes cited in that opinion, several cases, and an argument regarding legislative intent. The opinion of the Attorney General addressed the eligibility for the Veteran’s Tax Deduction of applicants who had served in the Vietnam conflict as reservists. The Attorney General’s office concluded that “citizens and residents of this State who have served periods of ‘active duty for training’ as a member of a reserve component of the Armed Forces or the Reserve Officers Training Corps during the pen-dency of the Viet Nam conflict as established by law, shall not be deemed eligible for the veterans tax deduction.” Attorney General Opinion, at 5 (Feb. 23,1973).
The Attorney General, in his opinion, states the term “active service in time of war” has not been given precise definition in the Veteran’s Tax Deduction statute with respect to service in the reserve component of the armed forces in time of war. This contradicts the precise language of the above-quoted constitutional provision and statutes which speak of service “in any branch of the armed services of the United States”, and with respect to the *575 Vietnam war imposes no restrictions other than the dates of service (emphasis added). The Attorney General seems to have disregarded that language. The Attorney General relied on definitions found in Title 38, specifically N.J.S.A. 38A:1-1(i) and (j), and federal statutes. However, those statutes do not deal with taxes, and the language found in both sections of Title 54 quoted above speak of any branch of the Armed Forces.
Furthermore, the definitions of “active duty” and “active duty for training” found in Title 38, upon which the Attorney General relied in his 1973 opinion, have since been amended. The definition relied on by the Attorney General defined active duty as: “full-time duty in the active military service, other than active duty for training. State service is meant unless Federal service is specified.” In 2001, the definition of “active duty” was amended to remove the requirement that the duty be “full-time” and to delete the portion of the definition which excluded “active duty for training” from being considered “active duty.” L. 2001, c. 351 § 2. Thus, the current definition as amended simply reads: “ ‘active duty’ means duty in the active military service.” N.J.S.A. 38A:1-l(i). Similarly the definition of “active duty for training” was amended to remove the “full-time” requirement. See N.J.S.A. 38A:l-l(j). It appears that by amending the statute, the Legislature intended to broaden the scope of “active duty” and to make clear that “active duty for training” was considered “active duty.” The Assembly Appropriations Committee Statement to the Senate bill, which became the present law implementing the amendment, indicates this intent. It states that the amendment “[u]pdates the definition of ‘active duty’ and ‘active duty for training’ ... [and] deletes language that excluded ‘active duty for training’ from being considered ‘active duty.’ ” Assembly Appropriations Committee Statement to S-2378 (Dec. 20, 2001).
In the 1973 opinion, the Attorney General relied on the older more restrictive definitions. The definition as amended is broader and more expansive. In fact, as noted in the Assembly Appropriations Committee Statement, the fiscal note produced by the Office of Legislative Services stated “this bill expands the scope of service for which public employees would be paid to include any *576 active military service.” Office of Legislative Services, Fiscal Note to S-2378 (October 31, 2001). In light of these amendments, it would be inappropriate to give much weight to the Attorney General’s 1973 opinion or to consider it an accurate interpretation of the current statute or the issue now before this court.
To the extent that the 2001 amendments can be considered not to alter the conclusion reached in the Attorney General’s opinion, it is important to note that an agency’s holding or an Attorney General’s opinion does not bind a court. The Appellate Division has noted, “[w]e are not bound by either the Law Division’s holding or the Attorney General’s opinion. We are obliged to interpret the statute by our own best lights.” Schundler v. Donovan, 377 N.J.Super. 339, 347, 872 A.2d 1092 (App.Div. 2005). For the reasons set forth below, I reject the Attorney General’s conclusion that those who have served periods of “active duty for training” as a member of a reserve component of the Armed Forces are not eligible for the veteran’s tax deduction for service during the Vietnam conflict under N.J.S.A. 54:4-8.11.
The Director argues that the Legislature did not intend to include “active duty for training purposes” within the term “active service in time of war.” The Director’s argument concludes that those men and women “who may have been enlisted with the armed forces but never actually served in a military conflict are not entitled to the deduction.” In supporting his argument, the Director points to the cases of Darnell v. Twp. of Moorestown, 167 N.J.Super. 16, 400 A.2d 492 (App.Div.1979) and McHale v. Civil Service Comm’n., 178 N.J.Super. 371, 429 A.2d 373 (App.Div.), certif. denied, 87 N.J. 402, 434 A.2d 1081 (1981).
Darnell, supra, was a ease in which a conscientious objector was denied a veteran’s deduction under N.J.S.A. 54:4-8.11. On appeal to the Appellate Division, Mr. Darnell argued that the statute violated his constitutional rights by excluding his class of World War II civilian draftees. The court noted that the “Legislature has a wide range of discretion [in classifying different types of property owners] and distinctions will be presumed to rest upon a rational basis if there be any conceivable state of facts which *577 would afford reasonable support for them.” Darnell, supra, 167 N.J.Super, at 20, 400 A.2d 492, quoting Wilson v. Long Branch, 27 N.J. 360, 377, 142 A.2d 837 (1958). Therefore, the court, in affirming the denial of benefits, concluded that the classification distinguishing military service from service of a conscientious objector in lieu of military service was constitutional “because it is based on rational and fundamental public policy considerations.” Darnell, supra, 167 N.J.Super. at 22, 400 A.2d 492. Mr. Darnell did not contend that he was a veteran within the meaning of the statute. The issue, in fact, was whether a non-veteran should have been allowed to receive the veteran’s deduction. As the Appellate Division explained, Darnell was a case about the classification of different groups of property owners. In the cases before me, it is not disputed that the parties are veterans. The issue is whether the Legislature intended periods of training to satisfy the “active service in time of war” requirement. Therefore, the analysis requires a determination of the Legislature’s intent behind the term “active service in time of war.” Accordingly, Darnell is not persuasive.
McHale was about civil service benefits for veterans. Mr. Scuorzo and Mr. Buchanan were members of the Army National Guard and Air Force Reserve, respectively, who had been denied veteran’s tax benefits, not civil service benefits. Mr. McHale was appointed to the position of Sanitarian within the New Jersey Department of Health and later promoted to Senior Sanitarian. Apparently, Mr. McHale received these positions because of his eligibility as a veteran under the veteran’s preference outlined in N.J.S.A. 11:27-1(12) (currently codified, with minor changes, as N.J.S.A. 11A:5 — 1(b)(5)). This statute defined a veteran of the Vietnam conflict to be a soldier or sailor who has served in the active military or naval service of the United States in the:
Vietnam Conflict, after December 81, 1960, who shall have served at least 90 days commencing on or before the date of termination ... exclusive of any period he was assigned (1) for a course of education or training under the Army Specialized Training Program or the Navy College Training Program which course was a continuation of his civilian course and was pursued to completion, or (2) as a cadet or midshipman at one of the service academies, ...; and exclusive of any service performed ... in the Army National Guard or as a reserve for service in the *578 Army Reserve, Naval Reserve, Air Force Reserve, Marine Corps Reserve, or Coast Guard Reserve.”
[Ibid, (emphasis added).]
The statute defining a veteran’s eligibility for a veteran’s preference in the civil service hiring context is substantially different from N.J.S.A. 54:4-8.1(a). The statute subject to interpretation in McHale : (1) specifically required ninety days of service or more; (2) specifically excluded time assigned for training purposes; and (3) specifically excluded service performed in the Reserve. Those three restrictions are not found in the statutes under consideration in the cases before me. The McHale court, citing N.J.S.A. 11:27-1(12) and examining the intent of the Legislature found that “the Legislature understandably imposed minimum requirements as to the type and duration of the military service that had to be performed in order to qualify for the preference.” McHale, supra, 178 N.J.Super. at 378-79, 429 A.2d 373. Furthermore, as the court noted, “[t]he legislative purpose was to reward those whose military commitments, commissioned or enlisted, were of such nature and duration as to interfere substantially with an individual’s civilian status.” Id. at 380, 429 A.2d 373.
The present cases are about tax benefits for veterans. The statutory definitions of “active service in time of war” for the purposes of the Vietnam conflict are different for the statutes at issue in the tax context and the civil service context. In McHale, the Legislature specifically excluded periods of training and service in the reserves from the ninety day requirement set forth in N.J.S.A 11:27-1(12) (recodified as N.J.S.A 11A:5-1 (b)(5)). In the tax statutes, neither N.J.S.A. 54:4-3.33a nor N.J.S.A. 54:4-8.10(a) specifically exclude training periods or time served in the reserves from definition of “active service of time of war.” Although Mr. McHale, like Mr. Scuorzo and Mr. Buchanan, sought veteran’s benefits under a statute, the language of the statute dealing with veterans’ preferences in civil service hiring is substantially more restrictive than the statute dealing with veterans’ benefits in property taxes. I find unpersuasive any reliance on the determinations in McHale and Darnell to support a restrictive interpretation of the tax statutes.
*579 There are differences in how the Legislature crafted the several statutes. In the statute construed in McHale, the Legislature specifically excluded periods of training and service in the reserves from the time period requirement. N.J.S.A. 11:27-1(12). Accordingly, it was appropriate for the McHale court to hold that the drafters of N.J.S.A 11:27-1(12) did not intend to include periods of training or service in the reserves to qualify for the civil service preference. However, the same cannot be said for the statutes under review in the two cases before me. The restrictive language was included in neither N.J.S.A. 54:4-3.30 nor N.J.S.A. 54:4-8.10. Further, the fact that the Legislature frequently amended N.J.S.A. 54:4-3.30 and N.J.S.A. 54:4-8.10 demonstrates that they did not intend to exclude periods of training and service in the reserves from the statute, for if they did, they could have easily introduced such exclusions, especially after the ruling in McHale in 1981.
When N.J.S.A. 54:4-8.10 was amended in 1972 by L. 1972 c. 166, Governor Cahill’s press release specifically stated:
The new legislation removes the requirement that veterans serving during the Vietnam conflict have to have overseas duty in order to qualify for the veterans’ preference in civil rorvlce, pensions and real property tax deductions.
[Press Release from the Office of the Governor (October 31,1972).l
In the several amendments to the various statutes providing for veterans benefits since that date and the 1973 opinion of the Attorney General, the definitions of veterans of the Vietnam conflict for puiposes of Title 54 have been restricted only by dates. See e.g., L. 1995 c. 406 § 5 and L. 1991 c. 390 § 7. On the other hand, those definitions relating to Titles 11A (Civil Service), 18A (Education) and 43 (Pensions) have included more restrictive language with respect to length of service, branch of service (i.e. reserves), and training. See e.g., L. 1995 c. 406 §§ 1, 2, and 6 and L. 1991 c. 390 §§ 1, 2, and 6. Thus, even though another portion of the above-quoted press release of Governor Cahill indicated that the ninety day minimum service requirement would apply to Vietnam veterans’ eligibility for the Veterans Tax Deduction, the language of the statute does not impose that requirement. The language of the Veteran’s Tax Deduction, as amended, thus stands *580 in stark contrast to the language contained in the same laws also amending the non-tax statutes pertaining to veterans.[1]
Additionally, the Handbook for New Jersey Assessors issued by the Director states:
Neither the Constitution, nor the law prescribes the length of time a person must serve in the armed forces in time of war to entitle him to a deduction or exemption. Any active service in the Armed Forces of the United States in time of war, no matter how brief, is sufficient if the veteran claimant meets all other requirements[2]
[Handbook for New Jersey Assessors (1989) ¶ 304.24.]
Although ¶ 304.23 of that same handbook also relies on the 1973 Attorney General’s letter to exclude active duty for training as a member of the reserves during the Vietnam War, as indicated above, I reject the conclusion of that informal Attorney General’s advice especially in light of the amendments to the relevant statutes since that opinion was rendered.
The Division of Taxation’s witness testified that, since 1973, the Division has followed the Attorney’s General 1973 Opinion. I have found that the Attorney General’s interpretation contradicts the plain meaning of the statute and relies on a statute that has since been amended to broaden the definition of “active duty.” The Director has not adopted regulations consistent with the 1973 letter, or for that matter, regulations to further implement these statutes. Although the interpretations of the agency charged with implementing a statute are entitled to deference, Koch v. Director, Div. of Taxation, 157 N.J. 1, 8, 722 A.2d 918 (1999), if those interpretations are inconsistent with the plain meaning of the statute, they cannot be sustained. New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575, 384 A.2d 795 (1978). Particularly, in a case such as this, where the Director’s interpretation has not been adopted with the procedural safeguards of the Administrative Procedures Act, N.J.S.A. 52:14B-1 to -15, his *581 interpretation is not entitled to deference. See Metromedia v. Director, Div. of Taxation, 97 N.J. 313, 328-32, 478 A.2d 742 (1984). I find that the Director’s consistent thirty year practice provides limited support for an interpretation inconsistent with the plain meaning of the statutes.
For the reasons discussed above, I find that the Legislature, for purposes of both the Disabled Veteran’s Tax Exemption and Veteran’s Tax Deduction, intended the phrase “active service in time of war” to generally include a veteran’s participation in any service during the times specified in the statute. I further find that active service for training is included within the term “active service in time of war” if the service occurred during any of those time periods specified in the statute. Only where the specific language relating to a specific conflict imposes additional requirements will they be imposed. No additional requirements, such as fourteen days service in the combat zone are provided by the statute relating to the Vietnam conflict. Although I need not hold that all activities are included in the term “active service in time of war,” I hold that the taxing authorities’ arguments imposing additional restrictions on qualifications for the veteran’s tax benefit in these two cases is not supported by the two statutes, by the analysis in the Attorney General’s 1973 opinion, or by the other case law cited to me. Therefore, the County Board judgments granting the Disabled Veteran’s Tax Exemption to Mr. Scuorzo and the Veteran's Tax Deduction to Mr. Buchanan are affirmed.

 It appears that Mr. Scuorzo and Mr. Buchanan both served for more than ninety days during the dates of the Vietnam conflict as specified in the statute.

 A later version of the Assessors’ Handbook deletes these sentences without explanation.