921 A.2d 450 (2007)
392 N.J. Super. 466
TOWNSHIP OF DOVER, Plaintiff-Appellant,
v.
Frank and Sharon SCUORZO, Defendants-Respondents.
Director, Division of Taxation, Plaintiff-Appellant,
v.
Lambertville City, Defendant, and
Winfield & Patricia Buchanan, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 2007.
Decided April 27, 2007.
*451 Charles E. Starkey, argued the cause for appellant Township of Dover in A-2843-05T5 (Starkey, Kelly, Bauer, Kenneally & Cunningham, attorneys; Scott W. Kenneally, Brick, on the brief).
Michael J. Duffy, Deputy Attorney General, argued the cause for the Director, Division of Taxation, appellant in A-3036-05T2 and amicus curiae in A-2843-05T5 (Stuart Rabner, Attorney General, attorney; Patrick DeAlmeida, Assistant Attorney General, of counsel; Michael J. Spina, Deputy Attorney General, on the brief).
John J. Mensching, Toms River, argued the cause for respondents Frank and Sharon Scuorzo in A-2843-05T5 (Orlovsky, Grasso, Bolger, Mensching, Halpin & Daley, attorneys; Mr. Mensching, on the brief).
Respondents Winfield and Patricia Buchanan did not file a brief.
Before Judges SKILLMAN, LISA and HOLSTON, JR.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The New Jersey Constitution and implementing statutes grant a deduction from real estate taxation to veterans who were in "active service in time of war" and an exemption from real estate taxation to veterans who suffered a total and permanent disability as a result of such service. Since these provisions were first adopted, the Director of the Division of Taxation has construed the term "active service" to exclude service solely for training in the National Guard or Reserves. We conclude that the Director's long-standing construction of the veterans' tax deduction and exemption is not plainly unreasonable, and therefore, the courts should defer to this construction.
The homeowners who seek the deduction and exemption from real estate taxation available to veterans who have rendered "active service in time of war" both went through military training during the Vietnam War but were not called for active duty.
Defendant Winfield Buchanan enlisted in the Air Force Reserve on October 18, 1972. Buchanan engaged in basic training from October 20, 1972 to February 16, 1973. He subsequently engaged in additional training from August 4 to August 18, 1973, and August 10 to August 24, 1974, but he was never called for active duty. Buchanan was honorably discharged on October 17, 1978.
*452 Buchanan and his wife own a home in Lambertville that they occupy as their primary residence. Lambertville granted the Buchanans' application for a veteran's tax deduction, and they received the benefit of this deduction for the 2000, 2001, 2002 and 2003 tax years.
As a result of an audit by the Director of the Division of Taxation,[1] it was determined that the Buchanans are not eligible for the deduction because Mr. Buchanan's only military service was for training purposes. Accordingly, Lambertville disallowed the deduction for the 2004 tax year and demanded reimbursement for the deductions erroneously allowed in the preceding four years.
The Buchanans appealed to the Hunterdon County Board of Taxation, which determined that the Buchanans are entitled to the veterans' deduction. The Director subsequently filed a complaint in the Tax Court challenging this determination.
Defendant Frank Scuorzo enlisted in the Army National Guard in July 1969 and was ordered to report for twenty-five weeks of training beginning in November 1969. Scuorzo sustained several injuries during training, including hearing loss, which resulted in hospitalization and an interruption in the training period. Based on his injuries, Scuorzo received an honorable discharge without being called for active duty.
Scuorzo and his wife own a home in Dover Township that they occupy as their primary residence. In 2004, after his hearing loss was certified by the United States Department of Veterans Affairs to be a 100% permanent and total service-connected disability, Scuorzo applied to Dover for the exemption from real estate taxation available to veterans disabled during "active service in time of war." The municipal tax assessor denied this exemption on the ground that "active duty for training" does not qualify as "active service in time of war."
The Scuorzos appealed to the Ocean County Board of Taxation, which reversed the tax assessor and determined that the Scuorzos are entitled to the disabled veterans' exemption from real estate taxation. Dover subsequently filed a complaint in the Tax Court challenging this determination.
The Buchanan case was brought before the Tax Court by the Director's motion for summary judgment. The Scuorzo case was the subject of a one-day trial. Although the Tax Court did not consolidate the cases, it decided them by a single opinion reported at 22 N.J.Tax 568.
The Tax Court concluded that the meaning of the term "active service in time of war" was "plain." Id. at 580-81. Consequently, the court refused to extend any deference to the Director of Taxation's long-standing construction of "active service" as excluding service in the Reserves or National Guard solely for training purposes. Ibid. Rejecting this administrative construction, the court concluded that "active service for training is included within the term `active service in time of war[.]'" Id. at 581.
The Director appealed from the judgment determining the Buchanans' entitlement to the veterans' deduction, and Dover Township appealed from the judgment determining the Scuorzos' entitlement to the disabled veterans' exemption. We now consolidate the appeals.
The 1947 New Jersey Constitution provided in pertinent part:

*453 Any citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service in time of war in any branch of the armed forces of the United States, shall be exempt from taxation on real and personal property to an aggregate assessed valuation not exceeding five hundred dollars. . . . Any person hereinabove described who has been or shall be declared by the United States Veterans Administration, or its successor, to have a service-connected disability, shall be entitled to such further exemption from taxation as from time to time may be provided by law.
[N.J. Const. art. VIII, § 1, ¶ 3 (emphasis added).][2]
The Legislature implemented this constitutional provision by the enactment in 1948 of a statute establishing an exemption from real estate taxation for veterans who suffered a service-connected total disability during wartime, L. 1948, c. 259, § 1, and by the enactment in 1951 of a statute establishing an exemption from real estate taxation on the first $500 of aggregate assessed valuation of property for other veterans serving in time of war, L. 1951, c. 184, § 2. Both statutes contained the same operative language, "active service in time of war," as the constitutional provision authorizing these veterans' benefits. The statute authorizing the disabled veterans' exemption from real estate taxation now provides in pertinent part:
The dwelling house and the lot or curtilage whereon the same is erected, of any citizen and resident of this State, now or hereafter honorably discharged or released under honorable circumstances, from active service, in time of war, in any branch of the Armed Forces of the United States, who has . . . [a] service-connected disability declared by the United States Veterans Administration or its successor to be a total or 100% permanent disability, . . . sustained through enemy action, or accident, or resulting from disease contracted while in such active service, shall be exempt from taxation. . . .
[N.J.S.A. 54:4-3.30(a) (emphasis added).]
The statute authorizing the deduction from real estate taxation for other veterans serving in time of war now provides in pertinent part:
Every person a citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service in time of war in any branch of the Armed Forces of the United States . . . shall be entitled, annually, on proper claim being made therefor, to a deduction from the amount of any tax bill for taxes on real or personal property or both in the sum of $100 in tax year 2000, $150 in tax year 2001, $200 in tax year 2002, and $250 in each subsequent tax year
. . . .
[N.J.S.A. 54:4-8.11 (emphasis added).]
The Legislature has delegated responsibility for administration of tax exemptions, including the deduction and exemption from real estate taxation provided to veterans who have served in time of war, to the Director of the Division of Taxation. N.J.S.A. 54:4-1; N.J.S.A. 54:4-8.19. Pursuant to this authority, the Director adopted regulations on October 1, 1948 and August 1, 1951, which provided that *454 the National Guard and Reserves "are not to be considered branches of the armed forces," but that the members of these organizations would "come within the intendment" of the veterans' exemptions "when detailed for and while on active duty" in time of war with the Army, Air Force, Navy or other regular branch of the armed forces.
This limitation on the availability of the veterans' exemption was reiterated in another regulation the Director adopted on October 1, 1952, which stated:
[T]here have been several instances where it has been found that personnel of the National Guard were not entitled to exemption because they were either members of a unit which was not mustered into the federal service or they were permitted to withdraw from the unit before it was mustered into the federal service.
Consequently, the regulation instructed tax assessors to "carefully examine the service-record portion of the discharge" of a former member of the National Guard claiming the exemption to determine whether it states: "In the service of the United States, under call of the President from ______ to ______." Similarly, the regulation instructed the assessors that if a former member of the Reserves applied for the exemption:
The service or enlistment record appearing as a part of the discharge or release of the claimant from service in such organizations must be examined to determine whether the claimant was detailed for and actually had active duty in a branch of the armed forces. If such record fails to disclose "periods of active duty," active service "for longevity pay" or shows that the claimant was discharged or released without "travel pay" and without "mustering-out pay," etc., the claim for exemption should not be approved.[3]
In 1973, the Director asked the Attorney General for an opinion as to whether a veteran who had served in a Reserve component of the Armed Forces or as a member of the Reserve Officers Training Corps during the Vietnam War is eligible for the veterans' tax deduction. In his inquiry, the Director referred to the previously quoted August 1, 1951 regulation, and indicated that under this regulation, "`[a]ctive duty for training' in [the National Guard and the Reserves] have not been made subject . . . to the veterans tax deduction provisions of the law."
The Attorney General issued an unpublished letter opinion, dated February 23, 1973, which concluded:

*455 [Veterans] who have served periods of "active duty for training" as a member of a reserve component of the Armed Forces or the Reserve Officers Training Corps during the pendency of the Viet Nam conflict as established by law, shall not be deemed eligible for the veterans tax deduction; provided, however, that [veterans] who shall have served for a period of full time active duty, pursuant to the activation of a reserve component into the federal military service by a Presidential order, shall be eligible for the veterans tax deduction.
In reaching this conclusion, the Attorney General relied upon other federal and state statutes that exclude "active duty for training" from the definition of "active duty" in military service. The Attorney General also relied upon the Director's "long standing and contemporaneous administrative interpretation and construction of the Veterans Tax Deduction Law" as further support for his conclusion that "active service in time of war" does not include service in the National Guard or Reserves solely for training.
In 1974, the Director issued a revised Handbook for New Jersey Assessors ("Assessors' Handbook"), which reflected his long-standing construction of the term "active service in time of war" that the Attorney General's opinion had concluded was a correct construction.[4] The Division of Taxation issues the Assessors' Handbook "to assist tax assessors in carrying out their duties[.]" Essex County Bd. of Taxation v. Twp. of Caldwell, 21 N.J.Tax 188, 197 (App.Div.), certif. denied, 176 N.J. 426, 824 A.2d 156 (2003). The Assessors' Handbook reflects the Division's construction of the statutes and regulations it is charged with administering and, as such, it is "owed considerable deference[.]" Ibid.
The pertinent section of the 1974 Assessors' Handbook stated, consistent with the 1951 regulation and the Attorney General's opinion, that "active service" includes service by members of the National Guard and Reserves "when detailed for and on active duty" with one of the regular branches of the Armed Services, but that "active duty for training" does not constitute "active service in time of war":
Citizens and residents of this State who have served periods of "active duty for training" or "field training" as a member of a Reserve Component of the Armed Forces of the United States during the pendency of the Vietnam conflict shall not be deemed to have had "active duty" or "active service in time of war", and such military service shall not be construed as being eligible military service for purposes of the Veterans Tax Deduction Act.
[Handbook for New Jersey Assessors, N.J. State Div. of Taxation (1974), § 304.23.]
Similar language has been included in subsequent versions of the Assessors' Handbook, and the current version of the Handbook, which was issued in 1998, expressly states that the exclusion of "active duty for training" in the National Guard and Reserves from "active service in time of war" applies not only to the veterans' deduction but also to the exemption for disabled veterans. Handbook for New Jersey Assessors, N.J. State Div. of Taxation (1998), § 403.24.[5]
*456 The Director's construction of the term "active service in time of war" was also reflected in the forms that applicants for a veteran's deduction or exemption, such as the Scuorzos and Buchanans, had to complete. These forms stated that "[a]ctive duty for training or field training purposes as a member of a reserve component does NOT constitute active service [in] time of war unless activated into Federal military service by Presidential or Congressional order." Thus, any applicant for the veterans' deduction or exemption was put on clear notice that "active duty for training" in the National Guard or Reserves is not qualifying service for the deduction or exemption.
Our courts extend "substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing." St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 15, 878 A.2d 829 (2005) (quoting Smith v. Dir., Div. of Taxation, 108 N.J. 19, 25, 527 A.2d 843 (1987)). Thus, "[t]o uphold an agency's construction of a statute that is silent or ambiguous with respect to the question at issue, a reviewing court need not conclude that the agency construction was the only one it permissibly could have adopted, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." Matturri v. Bd. of Trs. of the Judicial Ret. Sys., 173 N.J. 368, 382, 802 A.2d 496 (2002) (quoting Kasper v. Bd. of Trs. of the Teachers' Pension & Annuity Fund, 164 N.J. 564, 581, 754 A.2d 525 (2000)). A court will "defer to `the agency's interpretation [of the statute] provided it is not plainly unreasonable.'" Ibid. (quoting In re Pub. Serv. Elec. & Gas Co.'s Rate Unbundling, Stranded Costs & Restructuring Filings, 167 N.J. 377, 384, 771 A.2d 1163, cert. denied, 534 U.S. 813, 122 S.Ct. 37, 151 L.Ed.2d 11 (2001)); see also Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984).
A court will extend particularly strong deference to an administrative construction of a statute that is long-standing. Body-Rite Repair Co. v. Dir., Div. of Taxation, 89 N.J. 540, 545, 446 A.2d 515 (1982). Such a "practical administrative construction of a statute over a period of years without interference by the legislature is evidence of its conformity with legislative intent[.]" Id. at 545-46, 446 A.2d 515 (quoting Automatic Merch. Council v. Glaser, 127 N.J.Super. 413, 420, 317 A.2d 734 (App.Div.1974)). However, a court will not follow an agency's construction of a statute if that construction is plainly "inconsistent with the statutory language and intent." In re M.F., 169 N.J. 45, 56, 776 A.2d 780 (2001).
We are satisfied that the term "active service in time of war" is not self-defining and unambiguous. Consequently, the Director properly undertook to define this term first by administrative regulation and later by the Assessors' Handbook. We are also satisfied that the Director's construction of this term, as excluding service solely for training in the National *457 Guard or Reserves, is not plainly unreasonable, and therefore, the courts should defer to this construction.
When the provision of the New Jersey Constitution authorizing a real estate tax deduction for veterans who have been in "active service in time of war" was adopted in 1947 and the implementing statutes were enacted in 1948 and 1951, the primary federal legislation providing benefits to World War II veterans limited such benefits to persons "who served in the active military or naval forces." Servicemen's Readjustment Act of 1944, ch. 268, §§ 400, 500, 607, 58 Stat. 284, 287, 291, 295. Although the statute did not define this term, prior veterans' benefits statutes limited eligibility to veterans who had served in the Army, Navy or Marine Corps., see, e.g., Act of May 1, 1926, ch. 209, 44 Stat. 382, which would have excluded persons whose sole service was for training in the Reserves or National Guard. The Servicemen's Readjustment Act's limitation of benefits to persons "who served in the active military or naval forces" apparently contemplated the same exclusion. This exclusion was made explicit in Public Law No. 85-857, 72 Stat. 1105, (codified as amended at 38 U.S.C.A. 101), enacted in 1958, one purpose of which was "[t]o consolidate all laws administered by the Veterans' Administration." Ibid. This legislation provided:
For the purposes of this title . . . :
(21) The term "active duty" means 
(A) full-time duty in the Armed Forces, other than active duty for training;
(22) The term "active duty for training" means 
(A) full-time duty in the Armed Forces performed by Reserves for training purposes;
In accordance with these definitions, eligibility for most federal veterans' benefits requires completion of active service other than active duty for training in the National Guard or Reserves. See also Wilson v. United States, 917 F.2d 529 (Fed.Cir.1990), cert. denied, 501 U.S. 1217, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991) (holding that the phrase "on active duty" in 10 U.S.C.A. § 1163(d), which protects certain members of the Reserves from involuntary release prior to qualifying for retirement, does not include "active duty for training").
There also are New Jersey statutes that reflect the fact that active duty or service in the military is construed for some purposes as excluding service in the National Guard or Reserves for training only. N.J.S.A. 11A:5-1(b)(5) excludes "service performed pursuant to enlistment in the National Guard or the Army Reserve, Naval Reserve, Air Force Reserve, Marine Corps Reserve or Coast Guard Reserve" from the definition of "active service" during the Vietnam war for the purpose of determining eligibility for the civil service preferences provided for disabled and other veterans. See McHale v. Civil Serv. Comm'n, 178 N.J.Super. 371, 378-80, 429 A.2d 373 (App.Div.), certif. denied, 87 N.J. 402, 434 A.2d 1081 (1981). Such service is also excluded for the purpose of determining eligibility under the Teachers' Pension & Annuity Fund, Public Employees' Retirement System and Police and Firemen's Retirement System to purchase additional service credit for time spent in the military. See N.J.S.A. 18A:66-2(r)(13); N.J.S.A. 18A:66-13; N.J.S.A. 43:15A-6(p)(13); N.J.S.A. 43:15A-73.1; N.J.S.A. 43:16A-11.7(13); N.J.S.A. 43:16A-11.11.
In light of these statutory enactments, there is a reasonable basis for concluding that the delegates to the 1947 constitutional convention who drafted Article 8, section 1, paragraph 3 of the New Jersey Constitution, *458 and the legislators who enacted the 1948 and 1951 statutes implementing the veterans' exemption and deduction, would have understood "active service" to be a term of art that excluded service in the National Guard and Reserves for training purposes only. Therefore, the Director's construction of this term, as reflected in the 1951 regulation and, more recently, in the Assessors' Handbook, is not "plainly unreasonable." Matturri, supra, 173 N.J. at 382, 802 A.2d 496.
Furthermore, the Director's construction of these statutes is long-standing. It seems likely that the Director's regulations reflecting this construction, which were adopted in the late 1940s and early 1950s, would have been distributed to municipal tax assessors, since they are responsible for administering the veterans' deduction and exemption at the municipal level, and it is clear that the Director's construction was specifically set forth in the 1974 Assessors' Handbook and all subsequent Handbooks distributed to the assessors. Consequently, it must be assumed that at least since 1974, and probably since the original enactment of these provisions, most assessors have denied the deduction and exemption to veterans of the National Guard and Reserves whose only service during war was for training purposes. If the Legislature disagreed with the Director's construction of the statutes establishing the deduction and exemption, it could have amended them to extend these benefits to such veterans of the National Guard and Reserves on one of the numerous occasions these statutes were amended in other respects. See L. 1952, c. 233, § 1; L. 1954, c. 148, § 1; L. 1965, c. 214, § 1; L. 1971, c. 398, § 1; L. 1977, c. 107, § 1; L. 1977, c. 377, § 1; L. 1981, c. 171, § 1; L. 1985, c. 515, § 2. Therefore, the Legislature's failure to amend these statutes over the long period of time during which the Director has construed the term "active service" to exclude service in the National Guard and Reserves solely for training reflects legislative acquiescence in this construction. See Body-Rite Repair Co., supra, 89 N.J. at 545-46, 446 A.2d 515.
For these reasons, we conclude that the Tax Court erred in rejecting the Director's construction of N.J.S.A. 54:4-3.30(a) and N.J.S.A. 54:4-8.11 as excluding active service for training in the National Guard or Reserves in time of war from "active service in time of war." Accordingly, the judgments of the Tax Court are reversed.
NOTES
[1] The Director conducts such audits because the State is required to reimburse a municipality 102% of the amount of the veterans' deductions it grants. N.J.S.A. 54:4-8.24.
[2] Subsequent amendments, adopted in 1953, 1963, 1988 and 1999, substituted a flat $50 deduction from property taxes, which was increased to $100 for 2000, $150 for 2001, $200 for 2002 and $250 thereafter, for the original exemption from taxes of property with an aggregate assessed valuation up to $500 and made other changes not relevant to the issue presented by this appeal.
[3] These regulations were not published in the Administrative Code or New Jersey Register. However, they are on file in the Office of Administrative Law. Although the regulations were adopted before enactment of the Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 to -25, the APA did not require the re-adoption of previously adopted regulations. Consequently, these regulations remained in effect after enactment of the APA.

However, the Legislature amended the APA in 2001 to add a sunset provision, now codified as N.J.S.A. 52:14B-5.1, which provides: "Every rule in effect on the enactment date of P.L. 2001, c. 5 shall expire five years following the effective date of this act [July 1, 2001]. . . ." Therefore, the regulations relating to the veterans' tax deduction and exemption adopted in the late 1940s and early 1950s would have expired at the latest in 2006. A summary of the proposed new regulations adopted by the Division of Taxation in 2006, N.J.A.C. 18:27-1.1 to -3.11; N.J.A.C. 18:28-1.1 to -3.8, stated that they were "intended to fill the existing void with respect to uniform rules governing the administration of the veteran's property tax deduction," 38 N.J.R. 2099, and "are needed for compliance with the [APA] and also reflect more recent legislative enactments and court rulings," 38 N.J.R. 2105.
[4] Although the Assessors' Handbook was not introduced into evidence before the Tax Court, we take judicial notice of this government publication. See N.J.R.E. 202(b); Twp. of W. Milford v. Van Decker, 235 N.J.Super. 1, 11, 561 A.2d 607 (App.Div.1989), aff'd 120 N.J. 354, 576 A.2d 881 (1990).
[5] The Director's construction is also reflected in administrative regulations adopted in 2006 after the Tax Court decision that is the subject of this appeal. N.J.A.C. 18:27-2.7(b), which implements the tax deduction, and N.J.A.C. 18:28-2.6(b), which implements the tax exemption, provide that "[r]eserve unit personnel, who would qualify for the deduction, when detailed for and in active service in time of war[,]" including members of the Armed Forces Reserves and the National Guard, are eligible for the statutory tax benefits. Although not expressly stated, the implication of this regulation is that members of the National Guard and Reserves whose only active duty is for training, and who are not detailed for active service in the Army, Air Force, Navy or other regular branch of the armed forces, are not eligible for the deduction or exemption.