NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

_____

SHERYL ALEMANY,         :     TAX COURT OF NEW JERSEY

                          :     DOCKET NO. 007209-2023

                          :

       Plaintiff,          :

                          :

v.                       :

                          :

TOWNSHIP OF MARLBORO,     :

                          :

       Defendant.       :

_____ :

| |
|---|
| Approved for Publication<br>In the New Jersey<br>Tax Court Reports |

Decided: January 29, 2024

Sheryl Alemany, plaintiff (self-represented).

Lani M. Lombardi for defendant
(Cleary Giacobbe Alfieri Jacobs, LLC, attorneys).

SUNDAR, P.J.T.C.

This opinion decides whether the homestead of plaintiff, a veteran, qualifies for local property tax exemption under N.J.S.A. 54:4-3.30(1)(a), as amended by L. 2019, c. 413. This statute grants an exemption if the veteran was "honorably discharged or released under honorable circumstances, from active service in any branch of the Armed Forces of the United States," and is declared totally and permanently disabled due to a "service-connected disability" by the federal Department of Veterans' Affairs ("VA").

Plaintiff contends that the exemption is warranted because she satisfies the statutory conditions. Defendant, the Township of Marlboro ("Township") argues that since plaintiff served in the Army National Guard and was discharged from active-duty training, the exemption does not apply.

For the reasons explained below, the court finds that plaintiff is entitled to the exemption.

## PROCEDURAL HISTORY AND FACTS

On May 7, 2023, plaintiff timely filed a complaint with this court appealing the judgment of the Monmouth County Board of Taxation ("County Board"). That judgment was issued using code 12B, which stands for "100% Disabled Veteran Denied."

On July 27, 2023, the court issued a trial notice that the matter would be heard on August 16, 2023. The matter was heard on September 1, 2023, wherein parties presented their arguments and proffered, without objections, their respective exhibits. The Township's factual documents were those provided to its assessor by plaintiff in support of her claim for exemption, and the assessor's determination in this regard. Some of the same documents were included by plaintiff as her exhibits.[1]

---

[1] There was no need for trial testimony since, based on the undisputed documents, there was no quarrel that plaintiff served in the U.S. Army National Guard, she was declared 100% disabled by the VA due to a service-connected disability, and that she was honorably released/discharged by the U.S. Army. Arguments therefore centered on whether plaintiff qualified for tax exemption.

Post-hearing, the court directed the parties to brief whether the legislative history of L. 2019, c. 413 impacted the parties' respective positions. Both parties filed an initial brief. With the court's permission, plaintiff also filed a reply to the Township's post-hearing brief.[2]

The following are the facts based on the undisputed documents submitted to the court. Plaintiff is a New Jersey resident. She owns a residence (identified as Block 252, Lot 23) in the Township. On January 20, 2023, the VA notified her that she is entitled to benefits commencing December 1, 2022, because effective March 29, 2021, she was determined to be totally and permanently disabled solely due to her service-connected disabilities. The letter noted that she served in the Army, entered "active duty" on March 26, 2012, and was released/discharged honorably on August 16, 2012, although there may have been additional periods of service.

Based on the above, plaintiff applied for local property tax exemption (Form D.V.S.S.E.) on January 23, 2023. She included the Certificate of Release or

---

[2] Although the Township declined to file a response to plaintiff's initial post-hearing brief, it filed a letter (claiming them to be "comments"), objecting to certain contentions in that brief. One contention was plaintiff's claim that, as evidenced from the New York Orders ("SAD 316-2647"), she was "called into State Active Duty (SAD) under section 316 as referenced in . . . 10 U.S.C." thus, she "unquestionably meet[s] the law's definition of full-time National Guard Duty which meets the definition of 'active service.'" This, per the Township, should be disregarded because there was no trial testimony in this regard. The court therefore conferenced the matter to ensure that there was no confusion, and afforded the Township the opportunity to open the record for any testimony it desired. The Township declined and noted that the purpose of its comments was merely to point out that plaintiff's interpretation of the New York orders and her explanation of the acronym "SAD" (which allegedly was un-abbreviated as State Active Duty for the first time) are mere lay opinions. The court does not consider these "comments" as relevant since its decision is not based upon, nor impacted by, plaintiff's New York services.

Discharge from Active Duty (Form DD 214 or DD-214) dated August 8, 2012, which stated that she was in the "ARMY/ARNGUS," enlisted in the Army on November 9, 2011, and was transferred from Missouri to the U.S. Army National Guard of New York on August 8, 2012, after a "net active service" of four months, which was for "initial entry training." The certificate noted that she "has completed first full term of service" honorably. The "type of separation" was "release from active-duty training" which means "completion of required active service" under Army Regulation 635-200.[3]

Plaintiff was also called into active duty by the State of New York in November 2012. Two Orders from the Office of the Adjutant General, New York (numbered SAD 316-2647 and SAD 330-1889) were issued in this regard, ordering plaintiff, at the direction of the Governor, "into the active military service of the State of New York" for the purposes of "support of Operation Sandy," pursuant to "Section 6, Military Law, State of New York" for two separate periods: November 10 through November 12, 2012; and November 13 and 14, 2012. Mrs. Alemany was required to report to Jamaica, New York, both times.

On January 31, 2023, the Township's assessor denied the tax exemption on grounds "[w]e use the information that is on your DD-214 and . . . that document

---

[3] Plaintiff provided the Township with other documents which showed that she continued to serve in the Army National Guard until her commitment period ended in 2019. The court deems them relevant only as proof of her service in the Army National Guard from 2011 to 2019.

states that you were called to active duty for training purposes." The assessor attached an explanation routinely sent by the New Jersey Division of Taxation ("Taxation") to veterans requiring clarification "as to why [veterans] discharged from the National Guard do not qualify" for a statutory deduction or exemption. The explanation stated that per N.J.A.C. 18:27-2.2(d), "ineligible service" for purposes of the exemption means "[a]ctive duty training or field training as a member of a reserve component of the Armed Forces of the United States during the pendency of a conflict," thus, "[s]uch military service is not eligible military service for the purposes of qualifying for the veterans' tax deduction."[4] It further noted that Taxation's regulations,

> long interpreted the term 'active service in the Armed Forces of the United States' to include . . . activation to regular active duty for Reserve Components, and federalization of National Guard Units. The initial regulations from 1948 and 1951 concerning veterans' property tax benefits allowed for members of the Armed Forces Reserves and National Guard to be eligible for those benefits only if their units were activated into federal service.

---

[4] Note that N.J.A.C. 18:28-2.7(b) mirrors this ineligibility and provides as follows:
> Ineligible service. Active duty is defined in N.J.S.A. 38A:1-1(i) as full-time duty in active military services of the United States. Active duty for training or field training as a member of a reserve component of the Armed Forces of the United States during the pendency of a conflict does not constitute active duty or active service in time of war for the purpose of qualifying for the veteran's tax exemption. [50 N.J.R. 1501(a) (July 2, 2018) (emphasis added).]

5

Taxation's interpretation, the explanation noted, was upheld in <u>Township of Dover v. Scuorzo</u>, 392 N.J. Super. 466 (App. Div. 2007) and supported by a 1973 New Jersey Attorney General's opinion ("members of the Armed Forces Reserves and National Guard would not qualify for the property tax benefits if they served periods of 'active duty for training'" vis-à-vis the Vietnam War, unless "their unit was activated by Presidential or Congressional order").

Further, Taxation's explanation noted, while <u>L.</u> 2019, <u>c.</u> 413 eliminated the wartime service requirement, the condition for "active military service is still required." Thus, "that requirement has retained its same scope" as previously interpreted to exclude any training service and that:

> [i]f the New Jersey Legislature disagreed with the long-standing interpretation of 'active duty' in the regulations on veterans' property tax benefits and the judicial approval thereof, it could have amended the statutes to extend these benefits to Reservists and National Guard personnel with active duty for training. When the bill that was enacted as P.L. 2019, c.413 was first introduced, it had language specifically qualifying service 'in a reserve component.' That language was deleted in Committee, evincing the Legislature's intent to retain the existing requirements of active duty.

**ANALYSIS**

The New Jersey Constitution allows real property owned by veterans who are New Jersey residents, to benefit from special local property tax treatment if they are "now or hereafter honorably discharged or released under honorable circumstances

from active service in any branch of the Armed Forces of the United States" when declared by the VA to have experienced a "service-connected disability." N.J. Const. art. VIII, § I, ¶ 3(a).

Prior to 2020, the above provision granted the benefits provided that a veteran was honorably discharged "from active service in time of war in any branch of the armed forces of the United States." L. 2019, c. 413 deleted the phrase "in time of war." See S. Comm. Substitute for S. 2599 (2019). A constitutional amendment in this regard was approved by the voters effective December 3, 2020. The purpose of the amendment was to allow veterans who did not serve in time of war or other emergency, i.e., "peacetime veterans," to enjoy the benefit of the exemption. S. Budget & Appropriations Comm. Statement to S. Comm. Substitute for S. 2599 (2020).

Consequently, the definition of "active service in time of war" in N.J.S.A. 54:4-8.10(1)(a); 54:4-8.11(a); and 54:4-3.33a was repealed. The phrase "in time of war" was simultaneously removed from other statutory provisions. See e.g., N.J.S.A. 54:4-3.30 (exemption entitlement); N.J.S.A. 54:4-3.31 (application for exemption); N.J.S.A. 54:4-8.10 (definitions);[5] N.J.S.A. 54:4-8.11 (deduction entitlement); N.J.S.A. 54:4-8.12 (application for deduction).

---

[5] Amendments by S. Comm. Substitute for S. 2599 were as follows: (phrase in parenthesis deleted):

Thus, the relevant statute, N.J.S.A. 54:4-3.30, now provides that a home owned by a New Jersey resident is exempt from local property tax if the owner is a veteran who is/was honorably discharged or released "from active service in any branch of the Armed Forces of the United States" and is/was declared by the VA to be totally or permanently disabled due to a "service-connected disability." There is no dispute as to four of the five criteria, i.e., that plaintiff is a New Jersey resident; she owns her primary residence in New Jersey; she was honorably released by the U.S. Army; and she was declared by the VA to be 100% permanently disabled due to a service-connected disability. The only issue is whether plaintiff was honorably discharged or released "from active service in any branch" of the U.S. Armed Forces. The term "active service" remains undefined in N.J.S.A. 54:4-8.10 or elsewhere in the local property tax statutes.

The term "armed forces" is defined as including the "United States Army, Navy, Marine Corps, Air Force, Space Force, and Coast Guard, including the reserve components thereof." 38 U.S.C. § 101(a)(10). The U.S. Army National Guard is a

---

"'Honorably discharged . . . from active service [in time of war]' means and includes every form of separation from active, full-time duty with military or naval pay and allowances in some branch of the Armed Forces of the United States [in time of war] . . . ." N.J.S.A. 54:4-8.10(d).

"Veteran" means any citizen and resident of this State honorably discharged or released under honorable circumstances from active service [in time of war] in any branch of the Armed Forces of the United States. N.J.S.A. 54:4-8.10(h).

"No application for a veteran's deduction based upon service in the" United States Armed Forces "shall be allowed unless there is annexed thereto a copy . . . of claimant's certificate of honorable discharge . . . from active service [in time of war] in a branch of the Armed Forces of the United States." N.J.S.A. 54:4-8.12.

8

reserve component of the U.S. Armed Forces.  38 U.S.C. § 101(a)(27).  See also 10 U.S.C. § 101(c)(1); (c)(3) ("'National Guard' means the Army National Guard,'" and "'Army National Guard of the United States' means the reserve component of the Army all of whose members are members of the Army National Guard'"); 10 U.S.C. § 10101(1) ("The reserve components of the armed forces are . . . [t]he Army National Guard of the United States."); 32 U.S.C. § 101(5) (same).[6]

It is undisputed, and as evidenced by the documents, that plaintiff served in the Army National Guard starting in 2011 and ending in 2019.  During this time, she completed her initial required active-duty training, and thereafter, continued to serve (and on two occasions, served in state active duty in New York under orders of the Governor of that State), through and until 2019.

The Township emphasizes that Form DD-214 shows plaintiff was discharged because she completed "active duty training," and training in the National Guard is not covered under N.J.S.A. 54:3-3.30.  The court is unpersuaded by this argument.  First, our Constitution and N.J.S.A. 54:4-3.30 only require that a veteran have been in "active service."  The May 2018 regulation (see p.5 and n.4 of this opinion), is tied to the requirement of at time of war or conflict, thus, does not apply.  Therefore,

---

[6] 10 U.S.C. §§ 101-20605, address the Armed Forces, and Subtitle A (Parts 1-V) addresses General Military Law.  32 U.S.C. §§101-908, address the National Guard.  38 U.S.C. §§ 101-8528, address Veterans' Benefits (monetary compensation).

the validity of the Township's sole basis for denying an exemption, i.e., that plaintiff was released "from active duty training" is questionable.

Second, the Form DD-214 contains much more than just the type of separation. It states that plaintiff served in the "ARMY/ARNGUS" from March through August 2012. Box 12 of the Form, titled "Record of Service" shows that her "net active service" period as four months and 21 days, from March 2012 to August 2012 (as compared to her "total prior inactive service" period of four months) (emphasis added). This period (four months and 21 days) was for "initial entry training." The DD-214 also indicates that she completed her "first full term of service," (emphasis added) and was therefore released from "active duty training" for transfer to the National Guard of New York. Thus, the Township's isolated emphasis on the phrase "active duty training" is misplaced.

Third, the term "active service" is defined under the federal military law as "active duty or full-time National Guard duty." 10 U.S.C. § 101(d)(3). In turn, the phrase "full-time National Guard duty" is defined to mean any duty, including training (but not inactive duty) which is "performed by a member of the Army National Guard of the United States . . . in the member's status as a member of the

10

National Guard of a State or territory." 10 U.S.C. § 101(d)(5). Thus, full-time National Guard duty is considered as "active service" in the Army.[7]

Therefore, pursuant to the 2012 Form DD-214 (used by the Township's assessor) and the VA's determination that plaintiff was 100% disabled due to her service-connected disability, she qualifies for local property tax exemption under N.J.S.A. 54:3-3.30.

The court's conclusion does not require any further analysis into the Township's arguments that (1) the term "active service" in N.J.S.A. 54:3-3.30 does not extend to the National Guard pursuant to controlling precedent; (2) the legislative history of L. 2019, c. 413, evidences an intent to deny exemption because S. Comm. Substitute for S. 2599 omitted the phrase "or a reserve component thereof" proposed in the original bill (S. 2599); and, (3) plaintiff's service in New York is irrelevant for purposes of N.J.S.A. 54:4-3.30. The court however notes that continued reliance on prior precedents for the definition of the term "active service" is problematic. The conclusions therein were premised upon (i.e., tied to) satisfying the requirement of the qualifying phrase "in time of war." See e.g., Scuorzo, 392 N.J. Super. at 479 (proper to deny tax exemption "to veterans of the National Guard and Reserves

---

[7] Thus, exclusion of "full-time National Guard duty" in the definition of "active duty," in 10 U.S.C. § 101(d)(1), does not control because the controlling statute here, N.J.S.A. 54:4-3.30, does not require "active duty." Note that although the federal Veterans' Benefits law excludes "active duty for training" from the definition of "active duty", see 38 U.S.C. § 101(21)(A), it nonetheless includes "any period of active duty for training during which the individual concerned was disabled", as "active military service." See 38 U.S.C. § 101(24)(B).

11

whose only service during war was for training purposes"); 38 N.J.R. 2105(a) (May 2006) (deduction allowed only if "[r]eserve unit personnel" were "detailed for and in active service in time of war"). The 1973 New Jersey Attorney General's opinion referenced in in Taxation's explanation attached to plaintiff's exemption denial (and cited in Scuorzo, 392 N.J. Super. at 475) was also in the context of the Vietnam War. Also, the earlier regulations in 1948 and 1951 concluded that the National Guard is "not to be considered [a] branch[] of the armed forces," see id. at 472, whereas the federal definitions are to the contrary.

The court also notes that the lack of definition of the term "active service" in the local property tax statutes is problematic. This is because it requires courts to delve into a myriad of federal or State definitions in this regard (some under the military laws, some under the benefits laws, each with a different purpose and scope), to determine whether a disabled veteran was in "active service." This is a somewhat counter-intuitive exercise when the purpose of L. 2019, c. 413 is to extend/expand local (i.e., non-federal) benefits to a larger population of local (i.e., New Jersey) veterans, not to a lesser number. The Legislature's generosity could thus be undermined since definitional ambiguities can lead to a lack of clarity in that court decisions may differ as to when, or whether, a federal/state definition should apply/control. The Legislature appears to be cognizant that this is a troublesome issue. See S. 2227 (2022) (the multitudinous definitions of a veteran or qualification

for a benefit is to a veteran's disadvantage, and proposing a commission to study these problems to "recommend changes . . . that may provide greater uniformity and be less restrictive." One noted instance of confusion was where "[s]ome of the definitions include requiring active service in specific wars and conflicts, requiring that a veteran must have served at least 90 days on active duty on the Armed Forces, or simply requiring that a veteran served in the Armed Forces").[8]

**CONCLUSION**

For the reasons explained above, the court finds that plaintiff qualifies for local property tax exemption under N.J.S.A. 54:4-3.30. Therefore, the judgment of the County Board is reversed. An Order and Final Judgment in this matter will be entered.

---

[8] The Bill passed the Senate on June 29, 2022, and is pending review by the Assembly Military and Veterans' Affairs Committee.